[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiff, Marie Rondini, a teacher at Hamden High School, filed a five count complaint on October 6, 2000, alleging intentional and negligent infliction of emotional distress, and defamation against the defendants, John Donarum, the Hamden Board of Education, and the Town of Hamden. The first three counts of the complaint are against Donarum, a fellow teacher, and allege that the defendant teacher authored and circulated a derogatory letter about the plaintiff to faculty and students. Counts four and five of the complaint are directed against the board and the town and allege that, because the defendant teacher is currently teaching at Hamden High School and has been installed as a teacher in the same building as the plaintiff, the board and the town have negligently inflicted emotional distress upon the plaintiff.
Defendants Hamden Board of Education and the Town of Hamden have filed a motion to dismiss as to counts four and five on the grounds that this court lacks subject matter jurisdiction because governmental immunity has not been abrogated by statute. The plaintiff has filed an objection to the defendant's motion to dismiss in which she argues that the claims are brought pursuant to General Statutes § 7-465 which abrogates governmental immunity.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31(a)(1). "The governmental immunity afforded a municipality and the sovereign immunity enjoyed by the state are different in historical origin, scope and application. . . . Sovereign immunity from tort liability originates from the early feudal concept that the king can do no wrong. . . . Municipal immunity is generally described as a court made rule and has its origins in the case of Russell v. Men of Devon, 100 Eng. Rep. 359 (1788). Although municipalities enjoy some limited governmental immunity from liability, they have no sovereign immunity and may therefore sue and be sued as any other natural person, corporation or other entity." (Citations omitted.) Giannitti v. Stamford, 25 Conn. App. 67, 78-79,593 A.2d 140, cert. denied, 220 Conn. 918, 597 A.2d 333 (1991). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody N.E.,Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996). "Governmental immunity CT Page 7086 [however] is essentially a defense of confession and avoidance similar to other defenses required to be affirmatively pleaded. . . ." (Citation omitted; internal quotation marks omitted.) Westport Taxi Service, Inc.v. Westport Transit District, 235 Conn. 1, 24, 664 A.2d 719 (1995). In some circumstances, governmental immunity may be asserted by a motion to strike attacking the legal sufficiency of the complaint. Brown v.Branford, 12 Conn. App. 106, 111 n. 3, 529 A.2d 729 (1987).
There is a divergence at the trial court level as to whether governmental immunity raises subject matter jurisdiction. The cases allowing governmental immunity to be considered on a motion to dismiss view governmental immunity, like sovereign immunity, as affecting subject matter jurisdiction. See Zorn v. Credo Housing Development Corp., Superior Court, judicial district of Waterbury, Docket No. 145550 (September 23, 1998, Gill, J.). The courts disallowing governmental immunity to be raised on a motion to dismiss reason that governmental immunity, different from sovereign immunity, does not affect the court's subject matter jurisdiction. See Pacheco v. Waterbury, Superior Court, judicial district of Waterbury, Docket No. 151152 (August 3, 1999,Pellegrino, J.) Given the Supreme Court authority of Westport, this court aligns itself with the cases disallowing governmental immunity to be raised by a motion to dismiss. "[T]he court does not lack subject matter jurisdiction because the issue is not one of sovereign immunity but governmental immunity." Scanlon v. West Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 368244 (May 29, 1991, Hennessey, J.) (4 Conn.L.Rptr. 193, 194).
Accordingly, the motion to dismiss as to counts four and five is denied.
Clarance J. Jones, Judge